JOHN W. HOBART *vs.* CHARLES PENNY.

Penobscot. Opinion October 9, 1869.

*Promissory note. Maker, endorser and endorsee. Equities.*

The endorsee in good faith of a promissory note for value before maturity, without notice of equities between the maker and payee, is not bound by them.

ON REPORT.

The court to enter such judgment as shall be in accordance with the law of the case.

The material facts appear in the opinion.

*D. D. Stewart*, for the plaintiff.

*D. F. Davis*, for the defendant.

APPLETON, C. J. This is an action of assumpsit upon a promissory note, dated February 4, 1876, for $287.50 payable to William H. Downs or order, in six months and interest and endorsed by said Downs waiving demand and notice.

The evidence shows that the plaintiff purchased the note in suit, and another of the same tenor on one year, and gave therefor two hundred dollars in cash and his own note for three hundred dollars on time. The plaintiff denies all knowledge of the consid eration of the note or that there was any fraud in its inception. His statements are not disproved. He is therefore, a *bona fide* pur-chaser for value, ignorant of any or all facts which might defeat a recovery in the hands of the original payee.

The defendant, when he gave the note, promised to pay the same, into whosoever hands it might fall. He notified the world it was given for value and the plaintiff relying on his signa-ture has in good faith paid value for it and is entitled to recover. *Farrell* v. *Lovett,* 68 Maine, 326. *Abbott* v. *Rose,* 62 Maine, 194. *Kellogg* v. *Curtis,* 65 Maine, 59. *Kellogg* v. *Curtis,* 69 Maine, 212.

It is therefore unnecessary to examine the several grounds of defense upon which reliance is placed, inasmuch as they are not open to the defendant, if they are ever so valid as between the maker and payee.

Neither is the defendant entitled to any deduction. A pur-chaser of negotiable securities before their maturity, whatever may have been their original infirmity, can, unless he is person-ally charged with fraud in procuring them, recover against the maker the full amount of them, though he may have paid there-for less than their par value. *Cromwell* v. *County of Sac.,* 96 U. S. 51.

*Judgment for the plaintiff.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., con-curred.